14085

SOUTH CAROLINA SECURITY CO. v. RAUSCH

(180 S. E., 480)

*Messrs. Buist & Buist,* for appellant.

*Messrs. Mitchell & Horlbeck,* for respondent,

June 7, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent is a corporation chartered by the laws of South Carolina, with its principal place of business at Charleston.

November 26, 1928, Clara Farnum Brown executed and delivered to respondent her bond in the penal sum of $60,-000.00, conditioned for the payment to respondent of the full and just sum of $30,000.00 payable in five years from the date thereof, with interest thereon at the rate of 7 per cent. per annum. To secure the payment of this debt, Clara Farnum Brown mortgaged to respondent the premises situated at the corner of Meeting and Hasell streets in the City of Charleston, known and described as the Argyle Hotel, and certain other property adjacent to and north thereof on Meeting street, and west thereof on Hasell street.

The mortgagor further obligated herself to pay all of the taxes on said property. Mrs. Brown being in arrears with the payments due on the mortgage debt and taxes, in consideration of further extension of indulgence of payment, on October 9, 1933, executed a title deed to the respondent of the mortgaged property to be held in escrow by plaintiff and to become effective if the mortgagor did not pay the mortgage debt on or before November 1, 1934.

About August, 1934, the appellant, Charles E. Rausch, appeared upon the scene as a prospective purchaser of the property. He was fully apprised of the situation, and knew of the deed in escrow, and was told on October 31, 1934, that it would be put on record at 2 o'clock of November 1, 1934. On October 31, 1934, Clara Farnum Brown executed a deed to Charles E. Rausch to the mortgaged premises, which deed was put on record at 10:42 a. m. of November 1, 1934. The deed recites a consideration of $10,000.00, but it is admitted that no part of the consideration has been paid.

November 19, 1934, Judge G. B. Greene, then presiding in the Ninth Circuit, appointed a receiver of the rents and profits of the mortgaged premises. Notice of intention to appeal from the order was given in due time, but appellant states that he elects not to pursue that appeal in connection with this one.

In 1933 an action for foreclosure had been begun against Clara Farnum Brown which was suspended by the agreement of October 9, 1933, and the delivery of the deed in escrow. When the deed from Clara Farnum Brown to Charles E. Rausch was put on record, the respondent began this action in foreclosure against Rausch, the two actions being combined. He answered; which answer contained two defenses. The first defense admits the corporate existence of the plaintiff; does not admit, but does not deny, the execution and delivery of the bond and mortgage; admits its record, but has no knowledge or information of the ownership of the

bond and mortgage, and therefore denies the same; admits that the mortgage contains provisions essentially similar to the allegations contained in the complaint, but craves reference to the exact terms of the bond and mortgage, but does not admit any particular legal effect of the said provisions; denies knowledge or information sufficient to form a belief as to what taxes have or have not been paid by Clara Farnum Brown, and therefore denies the allegations thereabout, and alleges on information and belief that various sums have been paid for application on taxes in recent months and pays an accounting therefor; has no knowledge nor information relating to the allegations of the complaint of the amount due on the bond and mortgage and demands strict proof; admits that the due date of the bond and mortgage has passed; admits that Clara Farnum Brown on October 31, 1934, conveyed the mortgaged premises to Charles E. Rausch by deed which was recorded November 1, 1934.

The second defense is a minute and exhaustive statement of the conditions leading up to and growing out of the economic upheaval commonly known as "The Depression," and its effect upon Clara Farnum Brown, which prevented her from continuing payments on her indebtedness and taxes on the mortgaged property; of the action of the President in ordering the closing of the banks; of the closing among others of the South Carolina National Bank, of which he alleges plaintiff is an affiliate, which bank was not able for a long time to reopen, and only then by impounding 60 per cent. of its deposits; of its effect upon the business of the City of Charleston, making it practically impossible for Clara Farnum Brown to borrow new funds with which to pay her indebtedness; that plaintiff brought to bear upon Clara Farnum Brown pressure, and brought suit against her and required her to make the agreement which took the property out of her control and placed it in the hands of a nominee of plaintiff, and required Mrs. Brown to execute a

deed in escrow with the object of accomplishing the forfeiture of her equity of redemption; the defendant did not know of these transactions at the time they occurred, and knows them now only on information and belief; does not know Mrs. Brown personally, and his interest in these dealings extends only so far as they affect his rights and equities. He alleges that when he acquired title from Clara Farnum Brown he had knowledge of the fact that she had been forced by the plaintiff in 1933 into the agreement which embraced the deed in escrow, and that the deed was to become recordable November 1, 1934; had knowledge of the fact that plaintiff had had control of the hotel for a year; had knowledge of the bond and mortgage, and bought the property subject thereto, and fully admits that in this proceeding certain equities between Clara Farnum Brown and plaintiff are binding upon this defendant, and that to a certain extent this defendant stands before the Court today in the shoes of Clara Farnum Brown as to said equities, which are material to the consideration of the equities between the plaintiff and this defendant. At great length the defendant continues his second defense and sets up the history of the negotiations between Mr. Rivers, for the plaintiff, the defendant and Mr. Grace, attorney for Mrs. Clara Farnum Brown, relating to the purchase by defendant from Mrs. Brown of the mortgaged premises; there follows in the second defense the history of the enactment by the General Assembly of South Carolina of the Act commonly known as the 1934 Mortgage Act (1934 Acts, page 2286), and invoking the provisions of that Act.

The defense further relates to the order of Judge Greene in appointing a receiver for the property, and taking the property out of the possession of this defendant, and although defendant expressly declares his intention not to press his appeal from that order, at this time, nevertheless, he proceeds at length to question the legality of the order making the appointment of a receiver. The second defense

further alleges that Clara Farnum Brown had made payments on the mortgage debt for which she had not been given credit. That defense is made in the first defense and is unnecessary to be repeated in the second defense. The further defense up to Paragraph 29 relates to the story, as related by defendant, of the alleged fraudulent scheme to defraud and coerce Clara Farnum Brown. Further, defendant demands that as this cause is within the provisions of the 1934 Mortgage Act, referred to, it be referred to the county board of conciliation.

Upon service of the answer, the plaintiff moved to strike the second defense on the ground that it is "sham, irrelevant and wholly frivolous on its face, obviously interposed merely for delay and failing to state any defense to the complaint or any facts giving rise to any equity or equities in favor of the defendant, Charles E. Rausch."

The motion was heard by Hon. W. H. Grimball, the resident Judge of the Ninth Circuit, who disposed of it in a short order in which he said: "I have heard counsel on both sides fully and after careful consideration it appears to me that the motion should be granted."

The defendant, Rausch, appeals from this order on fourteen exceptions.

It will be noted that Judge Grimball stated none of the grounds upon which he based his order striking the second defense. Appellant frankly admits that he does not know upon what grounds the Honorable, the Circuit Judge, predicated his order. Therefore the appellant makes his appeal upon the refusal of the Circuit Judge to sustain the grounds upon which the appellant based his argument in opposition to the motion to strike.

We are satisfied that Judge Grimball committed no abuse of discretion in striking the second defense.

In so far as the second defense relates to the transactions between plaintiff—respondent here—and Mrs. Clara Farnum Brown, this defendant voluntarily in-

jects himself into these transactions with full knowledge of them, and he admits that he does not know Clara Farnum Brown, and is acting solely for himself. He has no right then to seek in this action to settle matters at issue between plaintiff and Clara Farnum Brown, which she does not press or contend for, or which are cared for by her own pleadings.

Defendant further seeks to invoke the provisions of the mortgage foreclosure Act of 1934 in his behalf in this action. We cannot believe that it was ever the purpose of the General Assembly that the act above mentioned was intended to furnish the vehicle for one in the circumstances of this defendant to delay and disrupt the orderly administration of the law and the procedure of the Courts. He admits that he has not paid a dollar in cash for the deed he took from Clara Farnum Brown. His interests are purely speculative. Any interest of Clara Farnum Brown can be protected in the action now pending, in which she is a party.

.The Circuit Judge was justified in striking the second defense.

The appeal from the order appointing a receiver is not now before us.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER, and FISHBURNE, concur. ·